# NOS. 12-08-00184-CR
# 12-08-00185-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES ELIAS HARRIS,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

*MEMORANDUM OPINION*

*PER CURIAM*

James Elias Harris appeals his convictions for indecency with a child by sexual contact. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss Appellant's appeal.

### BACKGROUND

Appellant was charged by two separate indictments with the offense of indecency with a child by sexual contact, a second degree felony.[1] Appellant pleaded guilty to the offenses charged in each of the indictments. In each case, Appellant and his counsel signed a written plea bargain agreement, written admonishments, an agreement to stipulate testimony, and a stipulation of evidence judicially

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (Vernon 2003).

confessing to the offense alleged in the indictment and admitting that he committed each and every element alleged in the indictment. He also waived his time to file motions for new trial, his right to appeal, and his right of trial by jury. The trial court accepted Appellant's pleas, deferred further proceedings without entering an adjudication of guilt, and ordered that, in each case, Appellant be placed on deferred adjudication community supervision for a period of ten years.[2]

On December 4, 2007, the State filed a motion to adjudicate and revoke community supervision in each case, alleging that Appellant had violated the terms of his community supervision. In each case, Appellant pleaded "not true" to the allegations contained in the State's motion. In each case, after a combined hearing, the trial court found that Appellant violated the terms and conditions of his community supervision, revoked his community supervision, and adjudged Appellant guilty as charged of indecency with a child by sexual contact. In the first case (appellate cause number 12-08-00184-CR), the trial court assessed Appellant's punishment at twenty years of imprisonment, a fine of $2,500, and court costs.[3] In the second case (appellate cause number 12-08-00185-CR), the trial court assessed Appellant's punishment at twenty years of imprisonment, a fine of $2,442, and court costs. The trial court ordered that the sentences be served concurrently. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the cases, and further

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2008).

[3] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.33 (Vernon 2003).

states that counsel is unable to raise any arguable issues for appeal.[4]  We have reviewed the record for reversible error and have found none.

CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw.  *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby ***granted***.  *See In re Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in each case. *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 242 S.W.3d at 408 n.22.

We ***dismiss*** Appellant's appeals.

Opinion delivered August 12, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[4] Counsel for Appellant certified that he provided Appellant with a copy of his brief and that Appellant was given time to file his own brief in each case.  The time for filing such a brief has expired and we have received no pro se brief.